# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaNeil Francis Wilson, II,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CV-23-08075-PCT-GMS<br>CR-18-08298-PCT<br><br>**ORDER AND DENIAL OF CERTIFICATION OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Before the Court are Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody (Doc. 1), United States Magistrate Judge Bible's Report and Recommendation (Doc. 22), Petitioner's Objection to the R&R (Doc. 23) and Respondent's Reply (Doc.214).

The Court has considered Petitioner's objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the Court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made). Petitioner's motion is meritless. Even assuming that it established that Defendant's Counsel fell below the standard of care, which it does not, it cannot and does not establish any likelihood that it caused prejudice to the Petitioner.

The Court has reviewed extensively the expert's report, (Doc. 4 at Ex. 25) and it adds nothing of value to the Court's pre-existing knowledge of the Defendant. It states that Defendant had a "substance use disorder" that he developed as a result of his childhood

experiences in which he suffered from early exposure to and participation in inebriation from alcohol and getting high from marijuana. Not surprisingly, the report concludes that this disorder "impaired his abilities to refrain from alcohol use or to regulate his consumption of alcohol which it is presented to him." The report also assumes, despite what Defendant denied in the pre-sentence investigation report, the accuracy of which he affirmed at sentencing, that he had been using methamphetamine on the evening in question.

Even if everything that the Court read in the report submitted by Petitioner is true, it is unlikely to have changed the sentence, because the Court was aware of the reality or likelihood of virtually all of these conditions and facts discussed in the report at the time of sentencing. The Court was well aware of the Defendant's long struggle with substances and was further aware of the unfortunate circumstances of his upbringing. It had no need for a psychiatrist to tell it what was obvious from the facts and the record.

At any event, the Defendant's attack on the victims was savage and demeaning in the extreme. As well, despite the Defendant's lack of criminal history, he was either arrested for, or involved in a number of violent incidents prior to this conviction including being shot and seriously injured in a dispute involving his girlfriend. Defendant's successful mitigation strategy was to accept responsibility and emphasize the difficulties and remorse of the Defendant in requesting a downward departure. The strategy was very successful. He received a sentence 72 months below the low end of his guideline range. Defendant has not demonstrated any likelihood that the supposed insufficiency of his counsel prevented him from receiving anything less than the sentence he received.

Further, as has been established, despite the Assistant United States Attorney's underestimate of the amount of time the Defendant would receive if he rejected the plea offered in a hearing, the Defendant was fully advised by his counsel of the consequences of rejecting the plea. Defense counsel stated under oath: "I deny that I did not accurately advise Mr. Wilson of the consequences of going to trial. I went over the possible sentencing with him. When he told me the witnesses were not going to show up, I told him

he was taking a huge risk. He had an offer that would have limited his time to 5-7 years. If he was wrong and they did testify, he was looking at significantly more time." Defendant simply did not want to hear such advice as he had another strategy for avoiding any sentence – which was discouraging necessary witnesses' trial testimony.

Further, Defendant's assertion that a reasonable court could not find that Defendant's recorded phone calls reflected attempts on his part to suppress testimony are meritless. As a result, there is no reason to believe that appellate counsel was ineffective for failing to raise them on appeal.

The Court accepts the magistrate judge's recommended disposition within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS THEREFORE ORDERED** that the Report and Recommendation of Magistrate Judge Bibles (Doc. 22) to deny Petitioner's motion under 28 U.S.C. § 2255 is accepted.

**IT IS FURTHER ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody (Doc. 1) is denied and dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this action.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Motion Under 28 U.S.C. 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody the Court FINDS: A Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because Movant has not made a substantial showing of the denial of a constitutional right.

Dated this 13th day of March, 2024.

_____
G. Murray Snow
Chief United States District Judge